# EXHIBIT A

3446351.1

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
04/28/2020 10:52AM
BY: JDUTTON
DEPUTY

Case No.: S0300CV202000185
HON. TED REED

1  Galen H. Satterlee (State Bar No. 025220)
2  C.J. Gibbs (State Bar No. 028810)
   SATTERLEE GIBBS PLLC
3  3133 W. Frye Road, Suite 101
   Chandler, Arizona 85226
4  Telephone: 480-702-1211
5  Fax: 480-546-3218
   E-mail: galen@sgazlaw.com
6          cj@sgazlaw.com
           minuteentries@sgazlaw.com
7

8  Clark H. Fielding (State Bar No. 025990)
   FIELDING LAW, APC
9  18575 Jamboree Road, Ste. 600
   Irvine, CA  92612
10 Telephone: 949-288-5484
11 Fax: 949-449-8668
   E-mail:  clark@fieldinglawfirm.com
12

13 Attorneys for Plaintiff

14

15          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

16              IN AND FOR THE COUNTY OF COCONINO

17 STEPHEN NOBLES, individually,              No.

18          Plaintiff,
                                             **COMPLAINT**
19      vs.

20 MARK HOLMES and SANDRA ANN SMITH          (Tort – Motor Vehicle)
21 HOLMES, husband and wife; RRR             (Jury Trial Requested)
   TRANSPORTATION COMPANY, a foreign
22 corporation; DOES I-X, ABC
   CORPORATIONS I-X, XYZ
23 PARTNERSHIPS I-X, SOLE
24 PROPRIETORSHIPS and/or JOINT
   VENTURES I-X.
25

26          Defendants.

1

Plaintiff STEPHEN NOBLES, ("Plaintiff"), by and through undersigned counsel, in support of his claims against Defendants, MARK and SANDRA HOLMES, and RRR TRANSPORTATION COMPANY, collectively, ("Defendants"), alleges as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff is a resident of Los Angeles County, California.

2. Upon information and belief, Defendants Mark and Sandra Holmes are residents of Calera, Alabama.

3. Upon information and belief, RRR Transportation Company is a Georgia Corporation.

4. Upon information and belief, at all times relevant hereto, all acts alleged to have been done by Defendants Holmes are alleged to have been done on behalf of the marital community.

5. Upon information and belief, JOHN and JANE DOES I-X, ABC CORPORATIONS I-X, XYZ PARTNERSHIPS I-X, SOLE PROPRIETORSHIPS and/or JOINT VENTURES I-X (collectively, "Fictitious Entities") are persons, organizations, entities, sole proprietorships, limited liability companies and corporations whose conduct, true names and identities are unknown at this time.  Plaintiff requests leave to amend this pleading when that information is discovered.

6. Defendants caused events to occur in Coconino County, Arizona, out of which this action alleged herein arose.

7. The actions of the Defendants have caused damages in an amount sufficient to satisfy the minimum jurisdictional amount established for the filing of this action in this Court.

8. This Court has jurisdiction over this action.

9. Venue is proper in the Coconino County Superior Court.

///

1   **DISCOVERY TIER DESIGNATION**

2   10.   Plaintiff asserts this is a Tier 3 case.

3   **GENERAL ALLEGATIONS**

4   11.   Plaintiff incorporates all prior allegations as though fully set forth herein.

5   12.   On or about June 14, 2019, Plaintiff was the restrained operator of a 2012

6   International tractor-trailer, traveling in the number 2 lane along the I-40 eastbound near

7   milepost 180, in Coconino County.

8   13.   At approximately 2:41 a.m., Plaintiff was traveling at 60 – 65 MPH with

9   his lights illuminated, when he was violently rear-ended by a 2019 Volvo tractor-trailer

10   operated by Defendant Mark Holmes.

11   14.   Based upon dash cam footage leading up to the crash from Defendant Mark

12   Holmes tractor-trailer, Plaintiff's tractor-trailer was properly illuminated and visible for

13   a minimum of 8.5 seconds prior to impact.

14   15.   Inexplicably, Defendant Holmes took no evasive action to avoid colliding

15   with Plaintiff's vehicle until immediately prior to impact.

16   16.   As a result of the crash, a detailed investigation was undertaken by the

17   Arizona Department of Public Safety ("DPS").

18   17.   Based upon the DPS investigation, Defendant Holmes was documented as

19   traveling too fast for conditions.

20   18.   At the time of the collision, Plaintiff was wearing an available and operable

21   restraint.

22   19.   As a direct and proximate result of the collision, Plaintiff suffered

23   significant personal injuries.

24   **COUNT ONE – NEGLIGENCE *PER SE***

25   20.   Plaintiff incorporates all prior allegations as though fully set forth herein.

26

21.     At the time of the collision, Defendant Mark Holmes was impatient, inattentive, and failed to comply with A.R.S. § 28-701A, causing a crash with Plaintiff.

22.     Defendant Mark Holmes' actions during the operation of his commercial tractor-trailer on public roadways are negligent *per se.*

23.     As a direct and proximate result of Defendant Mark Holmes' negligence *per se*, Plaintiff suffered significant injuries.

### COUNT TWO - NEGLIGENCE

24.     Plaintiff incorporates all prior allegations as though fully set forth herein.

25.     Defendant Mark Holmes owed a duty to Plaintiff and others similarly situated to operate his commercial vehicle in a reasonable manner while on public roadways.

26.     Defendant Mark Holmes breached this duty by causing a collision with Plaintiff's vehicle.

### COUNT THREE – *RESPONDEAT SUPERIOR*

27.     Plaintiff incorporates all prior allegations as though fully set forth herein.

28.     Defendant RRR Transportation employed Defendant Mark Holmes at the time of the collision.

29.     Defendant Holmes was operating his commercial vehicle within the course and scope of his employment with RRR Transportation at the time of the underlying collision.

30.     Under the circumstances, RRR Transportation is responsible for the negligence of its employee and/or agent, Defendant Mark Holmes, under the theory of *respondeat superior*.

///

///

///

4

**DAMAGES**

31.    As a direct and proximate result of Defendants' negligence, Plaintiff sustained significant injuries and attendant damages and has incurred and will continue to incur expenses for his reasonable and necessary medical care.

32.    As a direct and proximate result of the negligence of any or all said Defendants, Plaintiff has endured and will continue to endure physical pain and suffering and loss of enjoyment of life damages.

**WHEREFORE,** Plaintiff requests Judgment against Defendants as follows:

    a.  For Plaintiff's general damages in an amount according to proof;

    b.  For Plaintiff's compensatory damages in an amount according to proof;

    c.  For Plaintiff's pain and suffering in an amount according to proof;

    d.  For costs incurred herein;

    e.  For pre and post judgment interest as allowed by law; and

    f.  For such other and further relief as the Court may deem appropriate.

DATED this 28th day of April, 2020.

SATTERLEE GIBBS PLLC


By: /s/ Galen H. Satterlee
      Galen H. Satterlee
      C.J. Gibbs
      3133 W. Frye Road, Suite 101
      Chandler, Arizona 85226
      Attorneys for Plaintiff


      Clark H. Fielding
      FIELDING LAW, APC
      18575 Jamboree Road, Ste. 600
      Irvine, CA  92612
      Attorneys for Plaintiff